20h     299
L 78 AD²59¾

WILLIAM H. POPHAM, APPELLANT, *v.* FRANCIS J. BAR-
RETTO, RESPONDENT.

*Judgment — motion to cancel it, after the judgment debtor's discharge in bank-*
*ruptcy — when not granted so as to affect its lien on real estate.*

October 22, 1873, the plaintiff recovered a judgment against the defendant, which
was docketed in Westchester county at ten A. M. the following morning. At the
time of docketing the judgment the defendant was seized in fee, as a tenant
in common, of certain land in said county; at four P. M. of that day a
deed was placed on record, dated and purporting to have been executed in
August, 1872, conveying the defendant's interest therein to his brother. Sub-
sequently the plaintiff brought an action to have the said conveyance set aside
as fraudulent. Thereafter, and while the said action was pending, the defend-
ant having procured a discharge in bankruptcy, moved, under section 1268 of
the Code of Civil Procedure, to have the said judgment canceled.
*Held,* that the judgment should be allowed to stand so far as was necessary
for the purpose of enabling the plaintiff to enforce any lien created by it
upon any real estate owned by the defendant at the time it was docketed.

APPEAL from an order made at Special Term canceling a judg-
ment against the defendant, upon a motion made by him, under
section 1268 of the Code.

*S. F. Cowdry,* for the appellant.

*W. H. Peckham,* for the respondent.

BRADY, J. :

The plaintiff recovered judgment herein on the 22d of October,
1873, and the judgment was docketed in the office of the clerk
of the county of Westchester on the day following, at ten o'clock
A. M. At the time of such docketing the defendant was seized
in fee as tenant in common with his brothers and sisters of a
tract of land in Westchester county. On the same day, at four
o'clock P. M., a conveyance was put on record, dated and pur-
porting to have been executed by the judgment debtor in
August, 1872, conveying his interest to his brother, Henry C.
Barretto.

There are other incidents in reference to this interest, but it is

not necessary for the purpose of disposing of this appeal to make any particular statement of them.

After the judgment was obtained the defendant was discharged by proceedings in bankruptcy, duly taken, from the payment of his debts, and upon that discharge applied for the cancellation of the judgment obtained herein, which application was granted.

It appears, from the motion papers, that the plaintiff commenced an action in this court against the defendant and his wife, and his grantee, Henry C. Barretto, to set aside the conveyance as void, and the action was pending at the time the motion was made herein to cancel the judgment.

The appellant insists that under the bankruptcy law of the United States (U. S. R. S., § 5075), his judgment is a lien upon the interest described, and still exists, notwithstanding the discharge in bankruptcy obtained by the defendant ; and he also insists that if the judgment be canceled he has no means of enforcing that lien. The section mentioned provides that when a creditor has a mortgage or pledge of real or personal property, or a lien thereon for securing the payment of a debt owing to him, he shall be deemed a creditor only for the balance of the debt, after deducting the value of the property.

It is quite apparent, from the phraseology of the whole section, that a lien upon any property of the debtor acquired by judgment should exist until it was enforced, either by proceedings on behalf of the judgment creditor, or by an arrangement between himself and the assignee in bankruptcy, for which provision seems to be made in the section mentioned.

There can be no doubt that judgments, where the bankrupt has real estate to which they apply, are liens within the section referred to, and that, so far as it is necessary to preserve them to enforce the lien, they are preserved under the bankrupt law, and the decisions relating to the subject. (See Bump's Law of Bankruptcy [10th ed.], 610–760.)

The order should be so far modified as to provide that the judgment should be allowed to stand, for the purpose of enforcing any lien created by it upon any real estate owned by the bankrupt at the time that it was docketed in Westchester county, and as so modified, it should be affirmed.

Ordered accordingly, without costs of this appeal to either party.

Davis, P. J., concurred.

Present — Davis, P. J., and Brady, J.

Order modified as directed in opinion, without costs.